[No. 4160.  Decided December 31, 1902.]

L. B. NASH, *Appellant*, v. W. J. C. WAKEFIELD, *Admin-
istrator, et al., Respondents.*

JUDGMENTS — RES JUDICATA — ALLOWANCE OF ATTORNEY FEES IN PRO-
BATE PROCEEDINGS.

Where the superior court sitting in probate has passed upon
the claim of an attorney for fees for services rendered the execu-
tor of an estate, and has rendered judgment theron, such judg-
ment in the probate proceeding is a bar to a civil action by the
attorney against the estate for the recovery of the value of his
services.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM E. RICHARDSON, Judge.  Affirmed.

*James Dawson, R. E. Porterfield* and *L. B. Nash,* for
appellant.

*F. T. Post,* for respondents.

PER CURIAM.—Plaintiff commenced this suit to recover
for services as attorney and counselor for the executors of
the Gorkow estate.  The substantial allegations of the
complaint deemed material for consideration on this ap-
peal are that Gorkow died testate in the county of Spokane,
possessed of a large estate, consisting principally of a
valuable brewery plant and the business connected there-
with in the city of Spokane; that by his will he made var-
ious devises to legatees in Spokane, and the residue of the
estate was devised to heirs in Germany.  Deceased ap-
pointed two executors, and among other powers conferred
in the will were the following:

"I hereby appoint my employees, August Mueller and
Carl Boeck, in each of whom I have the fullest confidence,
as the executors of my last will and testament, and for the

purpose of carrying out the intentions and provisions of this my last will and testament, I hereby order and direct them, and the survivor of them, to sell and convert into money all of my estate, both real and personal and mixed, and wheresoever the same is situated, with full power to sell any and all of my estate and property without order of the court, either at public or private sale, with or without notice, as the executors or survivors of them may determine, and to give and execute proper acquittances and deeds for any and all property that may be sold."

The executors were also given full power and control over the brewery business, with direction to continue the same until the sale of the property, and were authorized to employ counsel for the estate when the executors deemed it desirable. One of the said executors, Carl Boeck, entered into a written contract with plaintiff, under the terms of which plaintiff was engaged as sole counsel for said estate, and for such services the compensation was stipulated. Afterwards the two executors under the will were removed in the probate procedure, and the defendant Wakefield was appointed as administrator *de bonis non.* It is alleged that the executor Carl Boeck refused to allow the claim of the plaintiff, or to present the same in court for allowance, and that said Boeck was insolvent; that the claim of plaintiff had been duly presented to the administrator, Wakefield, who was in possession of all the assets of the estate, for his allowance, and that said Wakefield had formally rejected plaintiff's claim. The complaint prayed that the administrator, Wakefield, be enjoined from further proceeding in the final settlement of the estate until plaintiff's claim be satisfied, and that judgment be entered thereon against Boeck and Wakefield for the amount of the claim, and that the same be declared a lien on the estate in the possession of Wakefield as administrator. The answers of the respective defendants, after

denials of the material averments of the complaint, each set up substantially one defense as follows:  That plaintiff had duly filed his claim for counsel fees in the probate procedure, and that such proceedings were then had upon a full hearing, with all parties before the court, upon said claim, that the court entered its judgment thereupon determining the validity and amount of such claim.  The court sustained this defense, and dismissed the action.

If this defense be valid, it must determine the present case.  Upon this issue of the adjudication of the claim in the probate procedure, the court found:

"That long before the commencement of this action this plaintiff filed a petition in this court, in cause No. 1115, being the matter of the administration of said estate, setting forth in said petition said contract, and making substantially the same allegations as to services rendered as are made in the complaint herein, and praying that the administrator of said estate be directed to pay him said sum of $10,000 out of the assets of said estate, said petition being filed May 28, 1900.  That a citation was issued thereon, under order of the court, and said administrator, both by motion and demurrer, objected to the jurisdiction of the court to determine the said matter upon the petition of an attorney alone, and contending that the matter should be presented upon the petition of said Carl Boeck, as executor, and said administrator also filed an answer to said petition.  That said Carl Boeck also, in said cause No. 1115, filed his claim and petition for allowance and for his discharge, to which said administrator filed an answer, and said matters came on for hearing on the same day, to-wit: In January, 1901.  That when said matters were called for hearing, said administrator moved that said two matters be consolidated and tried as one, to which said Boeck, through his attorneys, offered to consent in open court, but this plaintiff, through his attorneys, objected thereto, and said motion was denied. That thereupon said administrator moved the court to treat

the claim and petition of this plaintiff as an amendment
to, or as a part of, the claim of said Boeck, and as a part of
his final account, which was objected to by this plaintiff,
and which said Boeck, through his attorneys, offered to con-
sent to, but the same was denied. That accordingly some
evidence was heard upon the matters and things set forth
in the petition of this plaintiff, over the objection of said
administrator, and, finally, the court decided on February
13, 1901, that the objections made by said administrator
were well taken, and entered an order dismissing the
petition of this plaintiff, but before said order was actually
made said administrator again offered in open court to
have the petition of this plaintiff treated as an amendment
to the claim and account of said Boeck and heard and be
tried as a part thereof, and that the said matter proceed
upon the testimony already introduced, and such testimony
as might thereafter be properly introduced by either party,
to which said Boeck offered to consent in open court, but
this plaintiff objected. That upon the entering of the or-
der dismissing the plaintiff's petition, and in open court,
and in the presence of the plaintiff and his attorneys, said
Boeck asked leave of the court to amend his claim and ac-
count so as to incorporate therein the said claim of this
plaintiff, and the court, in said matter, thereupon made an
order allowing said amendment, in the presence of this
plaintiff and his attorneys, and ordered notice to be given,
and adjourned the whole matter until March 12, 1901.
That this plaintiff on the next day, February 14, 1901,
commenced this action by service of summons. That
said Boeck had never been requested by the plaintiff to put
his claim in the account and claim of said Boeck, and said
Boeck had never refused so to do. That there never was any
collusion whatsoever concerning the claim of this plaintiff,
between said Boeck and said administrator. That the
said Mueller, before the commencement of this action, also
filed his claim and final account in said matter and the
same has not yet been determined. That on February
16, 1901, said Boeck, on behalf of himself and said Muel-
ler, amended his said claim and account and included

therein the claim of said Nash; caused notice thereof to be given in the manner provided by law, and served personal notice upon this plaintiff of said matter, and requesting this plaintiff to introduce his evidence upon the subject of the compensation that he claimed that he was entitled to in said cause and matter, when the same came on for hearing. That both of said matters were set for hearing before this court and the same judge thereof on the following days, to-wit: This cause on the — day of April, 1901, and the cause in probate on the — day of April, 1901. That this cause was taken under advisement by the court, and, before decision was rendered therein, the cause in probate was heard by the court and upon the trial of said cause in probate all of the evidence and testimony introduced upon the trial of this cause was, by the stipulation of the attorneys for said Boeck and for said administration, introduced in evidence, subject to the objections theretofore made, and other evidence was also introduced, and said court in said cause has rendered a decision in the said matter in probate, as to the allowance to be made for and on behalf of said Nash, for any and all services rendered."

These findings are challenged by appellant as not supported by the evidence. On a careful review of the testimony in the record we think the exceptions cannot be sustained, and that the findings ought not to be disturbed here.

Both under the provisions of the will before us and by the provisions of our statutes, the necessary counsel fees are chargeable against the estate. The contract between the plaintiff and the executor, Boeck, was in the first instance a personal one with the executor. However, such executor was entitled to have the reasonable value for such services allowed him by the court. Ample power is vested in the court in its probate procedure to hear and determine such claims, and, when proper parties are heard, its adjudication is conclusive. In view of the premises, it is unnecessary to review the other questions argued by counsel.

The findings of fact above set forth show that the claim for counsel fees set forth in the complaint was determined by the same court on the same testimony while sitting in probate.   Such adjudication must be final, and cannot be reviewed in this suit.

The decree is affirmed.